**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 11-4614

_____

UNITED STATES OF AMERICA

v.

DANIEL R. RAMOS-TORRES
a/k/a MONO a/k/a DANNY

Daniel R. Ramos-Torres,
                                        Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 2-08-cr-00495-001)
District Judge: Honorable Susan D. Wigenton

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 28, 2012

Before:   McKEE, *Chief Judge,* JORDAN, and VANASKIE, *Circuit Judges*

(Filed:  December 4, 2012)

_____

OPINION

_____

VANASKIE, *Circuit Judge.*

Appellant Daniel Ramos-Torres pled guilty to one count of conspiracy to import

heroin in violation of 21 U.S.C. § 963.  His appeal is before us on a brief submitted by his

attorney pursuant to *Anders v. California*, 386 U.S. 738 (1967). Counsel for Ramos-Torres asserts that there are no nonfrivolous issues on appeal. Ramos-Torres, although informed of his right to file a brief on his own behalf, has not done so. Having reviewed the record, we agree with Ramos-Torres' counsel that there are no non-frivolous issues in this matter. Accordingly, we will affirm the District Court's judgment and grant counsel's motion for leave to withdraw.

## I.

We write primarily for the parties, who are familiar with the facts and procedural history of this case. Accordingly, we set forth only those facts necessary to our analysis.

Ramos-Torres was charged with conspiracy to import heroin and conspiracy to distribute and possess with intent to distribute heroin. Ramos-Torres pled guilty, pursuant to a written plea agreement, to count one of the two count Indictment, charging conspiracy to import heroin. In the plea agreement, Ramos-Torres stipulated that the conspiracy involved at least 10 kilograms, but less than 30 kilograms, of heroin. He also admitted that he was a supervisor or manager within the conspiracy, thus warranting a two-level increase in his offense level. The guidelines offense level for the amount of heroin attributable to Ramos-Torres was 36. Accordingly, his total offense level was 38, before any offsets. Ramos-Torres received a three-level reduction for acceptance of responsibility, resulting in a final offense level of 35. The plea agreement acknowledged that the appropriate offense level was 35. At his plea hearing, Ramos-Torres acknowledged that he understood he was waiving his right to appeal any sentence

imposed by the Court that fell within or below the agreed upon Guidelines offense level

of 35.[1] The plea agreement waiver reads in relevant part:

> Daniel Ramos-Torres knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from a total Guidelines offense level of 35.... The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

(SA 7, ¶ 9).

At sentencing, the Court granted the Government's motion pursuant to U.S.S.G. § 5K1.1, and departed downward from a base offense level of 35 to 32. The sentencing guideline range for offense level 32 and criminal history score I was 121 to 151 months. On December 16, 2011, Ramos-Torres was sentenced to 121 months' imprisonment.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231, and we have appellate jurisdiction under 28 U.S.C. § 1291.

## A.

---

[1] With a criminal history category of I, Ramos-Torres' advisory guidelines range was 168 to 210 months of incarceration. The crime carried a mandatory minimum prison term of ten years.

Pursuant to *Anders,* counsel for a defendant may seek to withdraw if, after reviewing the District Court record, he or she is "persuaded that the appeal presents no issue of even arguable merit." *See* 3d Cir. L.A.R. 109.2(a). Specifically, counsel must "(1) . . . satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and (2) . . . explain why the issues are frivolous." *United States v. Youla,* 241 F.3d 296, 300 (3d Cir. 2001) (citations omitted). Although not every conceivable claim need be raised and rejected, counsel "must meet the 'conscientious examination' standard set forth in *Anders.*" *Id.* When presented with an *Anders* brief, we engage in a two-step analysis to consider: "(1) whether counsel adequately fulfilled [Third Circuit Local Appellate Rule 109.2(a)'s] requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *Id.* If we find that "the *Anders* brief initially appears adequate on its face," the second step of the inquiry will be "confine[d] . . . to those portions of the record identified by . . . [the] *Anders* brief." *Id.* at 301. If this Court agrees with counsel's assessment of the appealable issues, we "will grant trial counsel's *Anders* motion and dispose of the appeal without appointing new counsel." *Id.* at 300. When reviewing an *Anders* motion, we exercise plenary review. *See Simon v. Gov't of Virgin Islands,* 679 F.3d 109, 114 (3d Cir. 2012).

B.

Ramos-Torres' counsel identifies one potentially appealable issue: whether the District Court erred in applying the two-level enhancement for defendant's role as a supervisor or manager in the conspiracy. This contention flies in the face of Ramos-Torres' stipulation in the plea agreement that he did occupy such a position in the

4

conspiracy, and, in any event, is barred by the appeal waiver set forth in the plea agreement.

This Court "will not review the District Court's application of the sentencing enhancements, or otherwise review [a] sentence for reasonableness, if [the defendant] validly waived his right to that review." *United States v. Corso,* 549 F.3d 921, 928 (3d Cir. 2008); *United States v. Khattak*, 273 F.3d 557, 562 (2001). The appellate waiver in this case contained substantially the same language as the waiver upheld in *United States v. Gwinnett,* 483 F.3d 200, 204 (2007) (upholding waiver in plea agreement that stated that the Government and defendant "'waive certain rights to file an appeal, collateral attack, and writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742'"). Ramos-Torres' waiver forfeited the right to file any appeal challenging the sentence imposed by the District Court so long as the sentence fell within or below the Guidelines range that resulted from a total guidelines offense level of 35. His sentence did in fact fall below the sentencing guideline range for a base offense level of 35. Therefore, his appellate waiver bars his present appeal unless it is unenforceable.

Appellate waivers will be enforced unless the Defendant can show that either it was not "entered into knowingly or voluntarily," or that it would "work a miscarriage of justice." *Khattak*, 273 F.3d at 563. In the present case, Ramos-Torres signed the plea agreement, consulted with counsel, and engaged in a colloquy with the District Court regarding the rights he was waiving. Ramos-Torres agreed with the base offense level, agreed with the stipulated amount of heroin involved in the case, and agreed that he was a

supervisor or manager in the conspiracy.  There is no evidence that would suggest that Ramos-Torres did not knowingly and voluntarily enter into the plea agreement

Our review of the record also fails to disclose any nonfrivolous ground, not covered by the waiver, to support a suggestion that manifest injustice would result by enforcing the appellate waiver here.  Because Ramos-Torres entered into the plea agreement knowingly and voluntarily, his appeal is barred by the appellate waiver.  Thus, as defense counsel asserts, there are no non-frivolous issues that could be presented here.

III.

For the foregoing reasons, we will affirm the judgment of the District Court and grant defense counsel's motion to withdraw.